WETTERAU v. METROPOLITAN EL. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

ELEVATED RAILROADS—BENEFITS AND DAMAGES—EVIDENCE.

An action by an abutting owner against an elevated railroad for damages and an injunction was improperly dismissed on the ground of failure to show that the damages exceeded the benefits; there being evidence of damages, and no evidence that the increase in value of the property was due to the presence and operation of the road, and not to a road on the next avenue and to normal causes.

Appeal from special term, New York county.

Action by Daniel Wetterau against the Metropolitan Elevated Railway Company and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. B. Cruikshank, for appellant.

J. O. Nichols, for respondents.

PATTERSON, J... This is one of the ordinary actions against an elevated railway for an injunction and damages. The justice at special term dismissed the complaint on the merits; the grounds of his determination, as stated in his decision, being that the "plaintiff failed to show that there had been any fee damages to the premises owned by him, and described in the complaint, over and above all benefits received from the defendants by reason of the appropriation by the defendants of the easements of light, air, and access appurtenant to said premises, or that he has sustained, over and above all benefits, any loss of rental value in respect to said premises in consequence of such trespass." The premises in question are No. 1452 Second avenue, in the city of New York. They are on the easterly side of the avenue, south of Seventy-Sixth street, 25 feet wide by 100 feet deep; and upon them is a brick tenement house, the lower floor of which is used as a store or shop. That these premises are to some extent injuriously affected by the presence and operation of the elevated railroad was proven. Easements of light, air, and access have been appropriated by the defendants, and there is some evidence of rental values being diminished. The theory upon which the decision below proceeds is that, notwithstanding the taking of easements and the diminution of rental values by reason of the erection and operation of an elevated road, the court will not give injunctive relief, nor award damages to rental value, if the particular property has been more benefited than injured by such construction and operation. There are numerous cases in which value of property has been greatly enhanced by elevated railroads. Neighborhoods have been built up, and properties brought into the market and made available for use, by these railroads. But, even on the theory of the decision in this case, the evidence is insufficient to show that any, or, if any, what benefit accrued to the plaintiff's property by reason of the construction and use of an elevated railway on Second avenue. The house on the plaintiff's lot was built

in 1877. The Third Avenue Elevated Railroad, an entirely independent corporation, was constructed about the same time. That the Third Avenue Elevated Railroad largely increased the value of property in this section of the city, by making it more accessible, may be true, and that the value of the plaintiff's property was greatly enhanced by the building of that road may also be true, for there is a station of the Third Avenue road at the corner of Third avenue and Seventy-Sixth street; but that cannot inure to the benefit of this defendant. The general rule on this subject is stated in Otten v. Railroad Co., 2 App. Div. 396, 37 N. Y. Supp. 982; Id., 150 N. Y. 395, 44 N. E. 1033. The evidence here discloses that properties off the line of the Second Avenue road, and in front of which there is no elevated railway, have increased in value in a ratio far beyond that of the increase in value of the plaintiff's property. Thus, the defendants' expert witness says that on First avenue the value of property has increased 150 per cent. over the valuation of 1878 and 1879, and that on the side streets between Second and Third avenues an increase is shown of 80 per cent. over the values of 1873, and an increase of 160 per cent. over the values of 1878 and 1879. On the side streets between First and Second avenues is shown an increase of 100 per cent. over the values of 1873, and 150 per cent. over the values of 1879 and 1880. Now, taking the test of the actual sales of the plaintiff's property as they are given in conveyances appearing upon the record, we find that it sold in 1881 for $14,800, in 1883 for $19,500, in 1884 for $23,000, and in 1886 for $25,500. Even if the consideration as expressed in these deeds is the actual amount received on sales, it is shown that the increase in value has not kept pace with the ratio of increase on neighboring streets and avenues, unaffected by the presence and operation of an elevated railroad, as the ratio of such increase is stated by the defendants' expert witness. Second avenue is a wide thoroughfare. The ratio of increase on First avenue over the values of 1879 shows an increase of 80 per cent. over the values of 1877, an increase of over 160 per cent.; and on the side streets an increase, according to this witness, of 150 per cent. over the values of 1879 and 1880. It is true that if benefit to the plaintiff's property is to be attributed to the presence and operation of the Second Avenue road, and if it is shown that the value of that property has been enhanced by that road, it is altogether immaterial that the ratio of increase is less than that of other and neighboring properties benefited by the same cause. But the difficulty with this case is that there is nothing in the record upon which to base a finding that the increase in value of the plaintiff's premises is due to the presence and operation of the Second Avenue road, and not to the Third Avenue road, and to those normal causes which, by reason of the increase of population, and the great demand for properties of this character, have affected values favorably in almost all localities on Manhattan Island. The evidence was insufficient to justify the finding upon which the decision of the learned judge below was based.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.