MARTIN v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. ELEVATED RAILROADS—DAMAGES TO ABUTTERS—EVIDENCE.

     In an action for damages for constructing an elevated railroad in 1880 in front of plaintiff's land, there was no evidence as to the rent received prior to 1880, nor expert evidence as to the rental value during such period, other than that of plaintiff's expert, who testified that the fee and rental values on the street in which the road was constructed had declined 20 per cent., while the value of neighboring property had increased; but he admitted, on cross-examination, that plaintiff's land was worth one-third more in 1898 than in 1873,—as great an increase as any to which he testified in the value of the neighboring land. *Held,* that a refusal to award a rental damage was sustained.

2. APPEAL—SUFFICIENCY OF EVIDENCE.

     A judgment on conflicting evidence will be sustained, where there is evidence to support it, and it is not contrary to the weight of the evidence.

Appeal from special term, New York county.

Suit by Robert H. Martin against the New York Elevated Railroad Company and another, to enjoin the maintenance of an elevated rail-

road constructed in front of plaintiff's premises in 1880, and for damages. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles A. B. Pratt, for appellant.
Arthur O. Townsend, for respondent.

BARRETT, J. The judgment appealed from, if not absolutely required by the evidence, was at least justified. There was no evidence as to the rent received from the property prior to the advent of the road, nor expert evidence as to its rental value prior thereto. In the absence of any such evidence, it is difficult to discover a satisfactory basis for an award of rental damage. It is true that the plaintiff's expert, Eckhardt, made the general statement that there had been a decline in both fee and rental values on Ninth avenue of 15 to 20 per cent., while the value of neighboring property had increased during the same period. When cross-examined, however, about this particular property, he admitted that the land was worth one-third more in 1898 than in 1873,—as great an increase as any to which he testified in the value of neighboring property. Objection was taken by the plaintiff to this evidence, but it was clearly admissible, not only as fair cross-examination, but as giving something of the history of the value of the land in suit. It is evident then that Eckhardt's estimate of a general decline in the fee value of property on Ninth avenue did not apply in its entire scope to the premises in suit. In the absence of any evidence compelling a different conclusion with reference to the rental value, the trial court naturally drew the same inference on that head.

A claim was made of a slight decrease in the rents after the construction by the defendants of a third track and the operation of the road thereon. The learned trial judge, however, evidently attributed this slight decrease to other causes. We cannot say that his failure to attribute it to the maintenance of the third track was so clearly against the evidence as to require a reversal. There were circumstances which called for the exercise of judgment upon that question. We might perhaps have arrived at a different conclusion, but we cannot substitute our judgment, upon inconclusive inferences, for that of the trial judge. It is only when a finding is without evidence to support it, or is contrary to the "weight of evidence," in the well-understood sense of that expression, that an appellate court is justified in reversing a judgment founded thereon. The trial court here found that the plaintiff had failed to make out a substantial cause of action, and that finding cannot, upon the evidence in this record, be disturbed.

We may add that this case differs from the Wetterau Case (decided by this court at the April term of this year) 57 N. Y. Supp. 435, where it was held, upon the special facts there appearing, that the failure of the plaintiff's property to increase in value to the same extent as neighboring property was due to the presence of the elevated road,

and that this damage was not offset by benefits received. In the case at bar, there is no evidence that the property has not enjoyed its full measure of prosperity, and the inference that it has was at least justified by the evidential facts. There is nothing in the objections taken to the admission of evidence to call for a reversal.

The judgment should be affirmed, with costs. All concur.